Filed 1/4/22  P. v. Tope CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C093652 |
| Plaintiff and Respondent, | (Super. Ct. No. 1906247) |
| v. | |
| DERRECK GARY TOPE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Derreck Gary Tope has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

FACTS AND HISTORY OF THE PROCEEDINGS

In the instant case, a police officer was on patrol in his fully marked police car when he noticed defendant driving a car that had been reported as stolen. The officer drove closer to defendant's car and turned on his car's lights and sirens. Defendant made a U-turn into a parking lot and tried to get away from the officer. Defendant drove out of the parking lot, and the car chase continued on city streets and on the freeway at speeds between 80 and 100 miles per hour. The chase ended when defendant crashed the car he was driving causing it to roll over into a ditch.

Defendant and a female passenger got out of the car, and defendant ran away on foot. Defendant eventually stopped running and was arrested. Police later found a third person who was unconscious trapped in the car.

This person later died.

In case No. 19F6245, defendant received a stolen car in September 2019. In case No. 19F5984, defendant received a different stolen car in September 2019.

In this matter, the People charged defendant with second degree murder (Pen. Code, §§ 187, subd. (a), 189; count 1; undesignated section references are to the Penal Code), evading an officer with disregard for public safety (Veh. Code, § 2800.2; count 2), two counts of false imprisonment by violence (§§ 236, 237; counts 3 & 4), hit-and-run causing death or great bodily injury (Veh. Code, § 20001, subd. (b)(2); count 5), receipt of a stolen vehicle with a prior (§§ 496d, subd. (a), 666.5; count 6), and theft of a vehicle with a prior (§ 666.5, Veh. Code, § 10851, subd. (a); count 7).

It was further alleged defendant committed the offenses while on bail. (§ 12022.1.) In addition, with respect to counts 2 and 3, it was further alleged defendant personally inflicted great bodily injury on the victim. (§ 12022.7.)

In October 2020, the trial court denied defendant's request for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.  In November 2020, the trial court denied defendant's motion to set aside the murder allegation.  (§ 995.)

In November 2020, the court began the process of impaneling a jury.  Due to COVID-19, the process was interrupted.

On December 1, 2020, the prosecutor amended the information and replaced the first-degree murder allegation (§ 187, subd. (a); count 1) with an allegation that defendant committed gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)).  In addition, the information no longer contained the hit-and-run causing death or great bodily injury count (Veh. Code, § 20001, subd. (b)(2)) or the theft of a vehicle with a prior count (§ 666.5, Veh. Code, §§ 10851, subd. (a)).  As to counts 2 (Veh. Code, § 2800.2) and 3 (§§ 236, 237), the information further alleged defendant personally inflicted great bodily injury on the victim (§ 12022.7, subd. (b)).  As to count 1 (§ 191.5, subd. (a)), the information alleged defendant fled on foot (Veh. Code, § 20001, subd. (c)).  In addition, the information alleged defendant committed the offenses while on bail. (§ 12022.1.)

That same day, defendant pleaded no contest in the instant case to voluntary gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)), evading an officer with disregard for public safety (Veh. Code, § 2800.2), false imprisonment by violence (§§ 236, 237), and unlawfully receiving a stolen vehicle with a prior (§§ 496d, subd. (a), 666.5).  In addition, with respect to count 2 (Veh. Code, § 2800.2), defendant admitted that he personally inflicted great bodily injury on the victim (§ 12022.7, subd. (b)).  As to count 1 (§ 191.5, subd. (a)), defendant admitted that he fled on foot.  (Veh. Code, § 20001, subd. (c).)  Defendant also admitted that he committed the offenses while on bail in two separate cases.  (§ 12022.1.)  In addition, defendant waived the application of section 654.

In case Nos. 19F6245 and 19F5984, defendant pleaded no contest to one count each (two counts total) of receiving a stolen vehicle with a prior. (§§ 496d, subd. (a), 666.5.)

The remaining charges in all three cases were dismissed with a *Harvey* waiver.[1]

Later that month, the trial court sentenced defendant to state prison for 25 years, per the parties' agreement, as follows: (1) in the instant case, 10 years for the vehicular manslaughter charge plus five years for the Vehicle Code section 20001, subdivision (c) enhancement (15 years total), eight months consecutive for the evasion of an officer charge plus one year eight months consecutive for the great bodily injury enhancement (two years four months total), eight months consecutive for the false imprisonment charge, one year consecutive for the unlawful receipt of a stolen vehicle charge, and four years consecutive for the section 12022.1 enhancements; (2) in case No. 19F6245, one year consecutive; and (3) in case No. 19F5984, one year consecutive.

In the instant case, the trial court imposed a $1,200 restitution fine (§ 1202.4, subd. (b)), a corresponding $1,200 parole revocation fine (suspended unless probation is revoked) (§ 1202.45), a $160 court operations fee (§ 1465.8, subd. (a)(1)), and a $120 criminal conviction assessment fee (Gov. Code, § 70303). The court also awarded $4,474.19 in victim restitution. (§ 1202.4, subd. (f).) The court also imposed various fines and fees in case Nos. 19F6245 and 19F5984.

Defendant filed a timely notice of appeal in the instant case. Defendant did not seek a certificate of probable cause on appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____

HULL, J.

We concur:

_____

RAYE, P. J.

_____

ROBIE, J.